# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | | |
|---|---|---|
| CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | Case No.: 1:11-cv-00610 (TSE) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| COMPUTER SCIENCES CORPORATION, MICHAEL W. LAPHEN, and MICHAEL J. MANCUSO, | ) ) ) ) | |
| Defendants. | ) ) | |
| ARTHUR I. MURPHY, JR., Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No.: 1:11-cv-00636 (TSE) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| COMPUTER SCIENCES CORPORATION, MICHAEL W. LAPHEN, and MICHAEL J. MANCUSO, | ) ) ) ) | |
| Defendants. | ) ) | |
| HILARY KRAMER, On Behalf of Herself and All Others Similarly Situated, | ) ) ) | Case No.: 1:11-cv-00751 (TSE) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| COMPUTER SCIENCES CORPORATION, MICHAEL W. LAPHEN, MICHAEL J. MANCUSO, and DONALD G. DEBUCK, | ) ) ) ) ) | |
| Defendants. | ) | |

*Caption Continues on Next Page*

| | |
|---|---|
| NORTON GOLDMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COMPUTER SCIENCES CORPORATION, MICHAEL W. LAPHEN, MICHAEL J. MANCUSO, and DONALD G. DEBUCK,<br><br>Defendants. | Case No.: 1:11-cv-00777 (TSE) |

**MEMORANDUM OF LAW IN SUPPORT OF THE NEW YORK HOTEL TRADES COUNCIL & HOTEL ASSOCIATION OF NEW YORK CITY, INC. PENSION FUND'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## I.   INTRODUCTION

Pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, and for the reasons set forth below, the New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund (collectively the "Hotel Fund" or "Movant") respectfully moves this Court for an order appointing it as the Lead Plaintiff on behalf of all persons, excluding defendants, who purchased or otherwise acquired the securities of Computer Sciences Corporation ("Computer Sciences" or the "Company") during the period from May 21, 2009 through May 25, 2011, inclusive (the "Class Period"),[1] and for approval of its selection of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel.

---

[1]   This is the broadest class period included in the complaints in the above-filed actions. The *City of Roseville* and *Murphy* actions include a class period of August 11, 2010 through May 25, 2011, while the *Kramer* and *Goldman* actions include a class period of May 21, 2009 through May 25, 2011.

1

At least four actions have been filed in this Court against Computer Sciences and three of its officers and/or directors for violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5. The complaints allege that the market price of Computer Sciences securities was distorted during the Class Period as a result of defendants' material misrepresentations and omissions concerning Computer Sciences' financial condition.

During the Class Period, the Hotel Fund acquired Computer Sciences securities, as set forth in Exhibit B to the Declaration of Steven J. Toll ("Toll Decl.") filed herewith. Movant is unaware of any other movant whose financial interest in this litigation exceeds Movant's own. Thus, under the PSLRA, Movant is presumptively the "most adequate plaintiff" and should be appointed as Lead Plaintiff because it has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Movant is represented in this action by the firm seeking appointment as Lead Counsel, Cohen Milstein, which is well-qualified to prosecute these securities fraud claims.

## II. FACTUAL BACKGROUND

Computer Sciences is a self-acclaimed leader in the information technology ("IT") and professional services industry, offering an array of services to clients in the commercial and government markets and specializing in the application of complex IT implementation and strategic objectives.

The complaints allege that during the Class Period, defendants made false and misleading statements about the Company's financial condition and prospects. As a

result of defendants' false statements, Computer Sciences stock traded at artificially inflated prices, reaching a high of $58.13 per share during the Class Period.

On February 1, 2011, Computer Sciences issued a press release announcing that the SEC had initiated a formal investigation into accounting irregularities at the Company. On February 9, 2011, the Company announced its third quarter 2011 financial results, which missed analysts' revenue expectations, and reduced fiscal 2011 bookings estimates by $2.5 billion. The Company also announced that it would cut fiscal 2011 revenue guidance by $300 million, that the impact of the accounting irregularities in its Nordic region were worse than previously disclosed, and that the Company had missed a delivery milestone with a large client, the United Kingdom's National Health Service ("NHS"). On this news, Computer Sciences' stock price declined more than $8.00 per share.

On May 2, 2011, the Company announced that it was close to an agreement with the NHS on a revised contract and updated its fiscal 2011 guidance, announcing that it would miss its reduced fiscal 2011 revenue expectations by $100 million and earnings expectations by $0.45 per share. Then, on May 25, 2011, after the market closed, the Company issued a press release pre-announcing its fourth quarter and fiscal 2011 financial results. Among other things, the Company reported fourth quarter 2011 earnings of $1.09 per share, which missed Wall Street consensus estimates of $1.16 per share, and that fiscal 2011 earnings would be below the Company's recently reduced forecast of $4.75 per share. In addition, the Company also disclosed that its Audit Committee had begun an internal investigation into accounting irregularities in one of its service sectors. In response to the Company's May 25, 2011 disclosures, on May 26,

3

2011, the Company's stock price fell $5.71 per share (or 12%) to close at $38.38 per share.

According to the complaints, the Class Period representations by defendants concerning the financial condition and prospects for Computer Sciences were each materially false and misleading when made because they failed to disclose the true facts, which were then known to or recklessly disregarded by defendants, including: (a) the Company's historical and current financial results from its Managed Services Sector, which had been incorporated into the Company's consolidated financial statements, were false and in violation of the Company's internal accounting policies and Generally Accepted Accounting Principles; (b) the implementation of the Company's Lorenzo 1.9 software at the NHS was experiencing severe technical difficulties, rendering the Company unable to meet its customer contract milestones such that the entirety of the contract was at risk of termination; (c) the Company was experiencing significant weakness in demand for its products and services, and bookings for new business for its products were declining; and (d) in light of (a)-(c) above, there was no reasonable basis for the fiscal 2011 revenue, earnings, bookings and margin forecasts made to the public during the Class Period.

### III. PROCEDURAL BACKGROUND

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for plaintiffs in these actions published notices to class members on nationally circulated wire services.[2] The notice informed investors who purchased or otherwise acquired Computer Sciences securities during the Class Period of the pendency of the lawsuit and the nature of the allegations

---

[2] The notice issued on June 3, 2011, which commenced the sixty-day period for filing of motions for appointment of lead plaintiff, is attached as Toll Decl., Ex. A.

4

relating to defendants' fraudulent statements that artificially distorted the market price of Computer Sciences securities. The Exchange Act requires early notice in order to advise class members of their right to seek appointment as lead plaintiff within sixty days of the publication of the notice. *Id.* Movant has filed this motion within the sixty-day period.

IV. <u>**ARGUMENT**</u>

    A. <u>**These Actions Should Be Consolidated**</u>

Presently pending in this district are at least four related securities class actions filed against Computer Sciences and other defendants. These actions, referred to as the "Related Actions," are listed in the caption above.

The Related Actions all arise from the same set of events and allege substantially similar factual and legal issues. Each of the Related Actions has been filed pursuant to the Exchange Act, and names the same or similar defendants.[3] "The proper solution to problems caused by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Hargett v. Alley Fed. Sav. Bank,* 60 F.3d 754, 765 (11th Cir. 1995) (quoting *Miller v. United States Postal Serv.,* 729 F.2d 1033, 1036 (5th Cir. 1984)). "In securities

---

[3] The *Kramer* and *Goldman* actions add Donald G. DeBuck, the Company's Comptroller, as a defendant in addition to expanding the Class Period. *See supra* n.1. Potential differences among the complaints, however, do not prevent consolidation. *See In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) ("the existence of slight differences in class periods, parties, or damages among the suits does not necessarily defeat consolidation where the essential claims and factual allegations are similar"); *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 479 (D.N.J. 1998) (noting that different class periods and different measures of damages do not preclude consolidation); *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (same). Thus, courts routinely consolidate multiple class actions that allege essentially similar, but not identical, securities claims. *See, e.g., In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 806 (N.D. Ohio 1999); *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 247-48 (E.D. Va. 1999).

5

actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quotations omitted); *see also Microstrategy*, 110 F. Supp. 2d at 431 (consolidation is appropriate in securities fraud actions that are based on the same public statements and reports); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003) (same).

All of the Related Actions were brought by investors who were allegedly injured by purchasing or otherwise acquiring Computer Sciences securities during the Class Period. Each action alleges that during the Class Period, the price of Computer Sciences securities was distorted due to the dissemination of materially false and/or misleading information by the defendants. Consolidation of the Related Actions is thus appropriate as common questions of law and fact predominate. Fed. R. Civ. P. 42(a). Accordingly, the motion to consolidate the Related Actions should be granted.

### B. The Hotel Fund Is The Most Adequate Plaintiff

#### 1. The Legal Requirements Under The PSLRA

The Exchange Act, as amended by the PSLRA, provides for a rebuttable presumption:

> that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6

15 U.S.C. § 78u-4(a)(1).

In determining the motion, the Court must adopt a presumption that the most adequate plaintiff is the person or group of persons who "has the largest financial interest in the relief sought by the class" and who otherwise satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 371 (M.D.N.C. 2003). This presumption may be rebutted only by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cree*, 219 F.R.D. at 371; *Royal Ahold*, 219 F.R.D. at 349; *A.F.I.K. Holding SPRL v. FASS*, 216 F.R.D. 567, 571 (D.N.J. 2004).

The Hotel Fund suffered losses of approximately $304,758.75 as a result of its transactions in Computer Sciences securities.[4] *See* Movant's certification and loss chart, Toll Decl., Ex. B. Movant is unaware of any other movant with a financial interest in this litigation greater than Movant's own. For these reasons, the Court should appoint Movant as Lead Plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *In re Donnkenny Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

### 2. The Hotel Fund Satisfies The Requirements Of Rule 23

The PSLRA requires that lead plaintiffs, in addition to having the largest financial interest, must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of

---

[4] The losses suffered by Movant, as detailed herein, are not the same as legally compensable damages, measurement of which is often a complex legal question, which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the executed certification required under Section 21D of the Exchange Act and based upon reference to information concerning the market for Computer Sciences common stock. *See* Toll Decl., Ex. B.

Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001). Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representatives will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA. *Royal Ahold*, 219 F.R.D. at 350; *Cendant*, 264 F.3d at 263; *A.F.I.K. Holding,* 216 F.R.D. at 571.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "In general, the typicality requirement is met when class representatives show that: (1) 'their interests are squarely aligned with the interests of the class members'; and (2) 'their claims arise from the same events or course of conduct and are premised on the same legal theories as the claims of the class members.' *Morris v. Wachovia Sec., Inc.*, 223 F.R.D. 284, 295 (E.D. Va. 2004) (quoting *Fisher v. Va. Elec. & Power Co.*, 217 F.R.D. 201, 212 (E.D. Va. 2003)). The typicality standard is met even where minor distinctions exist. *Id.*; *see also Zaltzman v. Manugistics Group, Inc.*, No. S-98-1881, 1998 U.S. Dist. LEXIS 22867, at *20-21 (D. Md. Oct. 8, 1998); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998). "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class. Complete identification between the claims constituting each individual action is not required." *Chisholm v. TranSouth Fin. Corp.,* 184 F.R.D. 556, 563 (E.D. Va. 1999).

8

Movant's claims are typical of those of the Class. Movant alleges, as do all class members, that defendants violated the Exchange Act by making what they knew, or were reckless in not knowing, were false and/or misleading statements of material fact concerning Computer Sciences' financial condition during the Class Period. Movant, as did all members of the Class, purchased Computer Sciences securities during the Class Period at prices artificially distorted by defendants' misrepresentations and omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This standard is met if 'the named plaintiff has interests common with, and not antagonistic to, the [c]lass' interests; and … the plaintiff's attorney is qualified, experienced and generally able to conduct the litigation." *Soutter v. Equifax Info. Servs., LLC*, No. 3:10cv107, 2011 U.S. Dist. LEXIS 34267, at *27 (quoting *In re Se. Hotel Props. Ltd. P'ship Investor Litig.*, 151 F.R.D. 597, 606-07 (W.D.N.C. 1993)).

Movant is an adequate representative for the class. There is no antagonism between its interests and those of the class.[5] Moreover, it has selected counsel highly

---

[5] Pursuant to 15 U.S.C. § 78u-4(a)(2)(A)(i), Movant executed a certification stating that it had reviewed the complaint, did not acquire the subject securities at its attorney's direction or in order to participate in any private action arising under the PSLRA, will not accept any payment for serving as a representative party beyond its *pro rata* share of the recovery except as approved by the Court, and is willing to serve as a representative party on behalf of a class; and setting forth its transactions in the subject securities during the Class Period. *See* Toll Decl., Ex. B.

9

experienced in prosecuting securities class actions vigorously and efficiently, and has submitted its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). As an institutional investor, moreover, the Hotel Fund is precisely the type of lead plaintiff envisioned by Congress when it enacted the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995) ("The Conference Committee believes that increasing the role of institutional investors … will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). "According to Congress, institutional investors appointed as lead plaintiffs would be the most competent plaintiff to select and control lead counsel." Moore's Federal Practice § 23.191[3][b][v]. *See also Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.") (quoting *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332-33 (S.D.N.Y. 2005)).

### C. The Court Should Approve The Hotel Fund's Choice Of Lead Counsel

The PSLRA vests authority in the Court-appointed Lead Plaintiff to select and retain a single firm as Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant has selected Cohen Milstein as Lead Counsel for the Class.[6] Cohen Milstein – with its principal office located in Washington, D.C. – has extensive experience in the areas of securities and complex litigation and has successfully prosecuted numerous

---

[6] Movant does not need to seek appointment of "local" or "liaison" counsel as a result of Cohen Milstein's proximity to and substantial experience litigating in this Court, as well as due to the fact that it has in its firm lawyers who are admitted to practice in this Court.

securities fraud class actions on behalf of injured investors, including numerous cases in this Court. *See* Toll Decl., Ex. C.[7] Thus, the Court will be assured that the Class will receive the highest caliber of legal representation available.

## V. CONCLUSION

For the foregoing reasons, the Hotel Fund respectfully requests that the Court appoint it as Lead Plaintiff on behalf of the Class and approve its selection of Cohen Milstein Sellers & Toll PLLC as Lead Counsel.

---

[7] Cohen Milstein has been involved as lead or liaison counsel in the following cases: *In re The Mills Corp. Sec. Litig.*, No. 1:06-cv-00777 (LO); *In re Xybernaut Corp. Sec. MDL Litig.*, No. 1:05-cv-01705 (LMB); *In re BearingPoint, Inc. Sec. Litig.*, No. 1:03-cv-01062 (TSE); *In re BearingPoint Inc. Sec. Litig. II*, No. 1:05-cv-00454 (LO); *In re ECI Telecom Ltd. Sec. Litig.*, No. 1:01-cv-00913 (LMB); *Ganesh LLC v. Computer Learning Centers, Inc.*, No. 1:98-cv-00859 (JCC); *In re Cable & Wireless PLC Sec. Litig.*, No. 1:02-cv-01860 (GBL); *In re Kay Jewelers Sec. Litig.*, No. 90-cv-01663A; *Herman v. Legent Corp.*, No. 1:93-cv-00894 (CMH).

Dated: August 2, 2011     Respectfully submitted,

          /s/ Steven J. Toll
**COHEN MILSTEIN SELLERS**
 **& TOLL PLLC**
Steven J. Toll, Va. Bar. No. 15300
Daniel S. Sommers
S. Douglas Bunch
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699

Christopher Lometti
**COHEN MILSTEIN SELLERS**
 **& TOLL PLLC**
88 Pine Street
14th Floor
New York, New York 10005
Tel.: (212) 838-7797
Fax: (212) 838-7745

*Attorneys for the New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Proposed Lead Counsel for the Class*

12

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2011, I authorized the electronic filing of the foregoing with the Clerk of Court using the CF/ECF system which will send notification of such filing to the email addresses donated on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 2, 2011                     /s/ Steven J. Toll
                                          Steven J. Toll

## Mailing Information for a Case 1:11-cv-00610-TSE -IDD

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **David Emmett Carney**
  David.Carney@skadden.com,Jen.Spaziano@skadden.com,DLMLCWAS@SKADDEN.COM,Scott.Musoff@skadden.com,Jason.Skorupka@skadden.com,Jay.Kasner@

- **Craig Crandall Reilly**
  craig.reilly@ccreillylaw.com,shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

## Mailing Information for a Case 1:11-cv-00636-TSE -IDD

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **David Emmett Carney**
  David.Carney@skadden.com,Jen.Spaziano@skadden.com,DLMLCWAS@SKADDEN.COM,Scott.Musoff@skadden.com,Jason.Skorupka@skadden.com,Jay.Kasner@

- **Craig Crandall Reilly**
  craig.reilly@ccreillylaw.com,yateslaw@aol.com

### Manual Notice List

The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 1:11-cv-00751-TSE -IDD

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **David Emmett Carney**
  David.Carney@skadden.com,Jen.Spaziano@skadden.com,Scott.Musoff@skadden.com,Jay.Kasner@skadden.com

- **Elizabeth Kathleen Tripodi**
  etripodi@finkelsteinthompson.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 1:11-cv-00777-TSE -IDD

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **David Emmett Carney**
  David.Carney@skadden.com,Jen.Spaziano@skadden.com,Scott.Musoff@skadden.com,Jay.Kasner@skadden.com

- **Craig Crandall Reilly**
  craig.reilly@ccreillylaw.com,shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)