UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division



IN RE COMPUTER SCIENCES
CORPORATION SECURITIES LITIGATION

Civ. A. No. 1:11-cv-610-TSE-IDD

**FINAL ORDER
AND JUDGMENT**

WHEREAS:

A. As of May 14, 2013, the Ontario Teachers' Pension Plan Board ("Class Representative" or "Ontario Teachers'"), on behalf of itself and all members of the Certified Class and the proposed Settlement Class, and Computer Sciences Corporation ("CSC" or the "Company"), Michael W. Laphen, and Donald G. DeBuck (collectively, the "Individual Defendants" and, together with CSC, the "Defendants") entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action").

B. Pursuant to the Preliminary Approval Order Providing for Notice and Hearing in Connection with Proposed Class Action Settlement, entered May 24, 2013 (the "Preliminary Approval Order"), the Court scheduled a hearing for September 19, 2013, at 2:00 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered.

C. The Court ordered that the Notice of Proposed Settlement of Class Action, Extended Class Period, and Motion for Attorneys' Fees and Expenses (the "Settlement Notice")

and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a Summary Notice of Proposed Settlement of Class Action, Extended Class Period, and Motion for Attorneys' Fees and Expenses (the "Summary Settlement Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.

D. The Settlement Notice and the Summary Settlement Notice advised potential Settlement Class Members of the date, time, place and purpose of the Settlement Hearing. The Settlement Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by August 29, 2013.

E. The provisions of the Preliminary Approval Order as to notice were complied with.

F. On August 15, 2013, Class Representative moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on September 19, 2013, at which time all interested Persons were afforded the opportunity to be heard.

G. This Court has duly considered Class Representative's motion, the affidavits, declarations and memoranda of law submitted in support thereof, the Stipulation, and all of the

submissions and arguments presented with respect to the proposed Settlement, including all objections received thereto.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May 15, 2013; and (b) the Settlement Notice, which was filed with the Court on August 15, 2013. Capitalized terms not defined in this Judgment are as defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons or entities that purchased or acquired Computer Sciences Corporation common stock during the period between August 5, 2008 and December 27, 2011, inclusive ("Settlement Class Period"), and who were allegedly damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) members of the immediate family of any Defendant; (iii) any person who was an officer or director of CSC during the Settlement Class Period; (iv) any firm, trust, corporation, officer, or other entity in which any Defendant has or had a controlling interest; (v) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party; and (vii) any Excluded Settlement Class Member. A list of all valid and timely requests

for exclusion allowed by the Court is annexed hereto as Exhibit A. There have been no valid requests for exclusion pursuant to the Settlement Notice.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies Class Representative Ontario Teachers' Pension Plan Board as Class Representative for the Settlement Class; and finally appoints Labaton Sucharow LLP as Class Counsel for the Settlement Class and Patton Boggs LLP as Local Counsel for the Settlement Class.

5. The notification provided for and given to the Settlement Class (i) was in compliance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Class Counsel's request for an award of attorney's fees and reimbursement of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's request for an award of attorney's fees and reimbursement of litigation expenses, of their right to appear at the Settlement Hearing, and of their right, where applicable, to seek exclusion from the Settlement Class; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable law and rules.

6. The Court has considered the submissions of Rose Watkins (ECF No. 324-12/325-12) and Michael David (ECF No. 316), submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. Ms. Watkins questions why the Class Representative was permitted to pursue the Action in the United States when she was not allowed to file a claim against her former employer. Mr. David believes that a claim process is not needed and that the Parties can complete a claim form for him. Neither objected to the substance of the Settlement or matters connected with the Settlement, such as the request for attorneys' fees or approval of the Plan of Allocation. Ms. Watkins's and Mr. David's submissions are overruled.

7. In light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against the Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects fair, reasonable and adequate, and in the best interests of Class Representative, the Settlement Class, and the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Class Representative, the Settlement Class and the Defendants. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Corrected Consolidated Class Action Complaint for Violations of the Federal Securities Laws, filed October 19, 2011, is hereby dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. The Court further finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. Upon the Effective Date, Class Representative and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be BARRED, ENJOINED AND RESTRAINED from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendant Parties.

11. Upon the Effective Date, the Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be BARRED, ENJOINED AND RESTRAINED from commencing, instituting, prosecuting or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

12. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of the Released Claims as set forth in the Stipulation.

13. This Judgment and the Stipulation, whether or not consummated, and any discussions, negotiations, proceedings or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Defendants, Class Representative, or Settlement Class Members for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the Defendants with respect to the truth of any allegation by Class Representative and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of the Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of the Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendants, or against or to the prejudice of Class Representative or any other members of the Settlement Class as evidence of any infirmity in the claims of Class Representative or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of the Defendants or against Class Representative or any other members of the Settlement Class, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement;

(d) do not constitute, and shall not be construed against the Defendants, Class Representative, or any other members of the Settlement Class, as an admission or concession that

7

the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Class Representative or any other members of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

15. As set forth in the Stipulation (ECF No. 309-1), Class Counsel will make a properly noticed motion to the Court for a Distribution Order, approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted herein, and, if the Effective Date has occurred, directing the payment of the Net Settlement Fund to Authorized Claimants. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Class Counsel shall, if feasible and economical, reallocate such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Any balance that still remains in the Net Settlement Fund, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to non-sectarian, not-for-profit charitable organizations serving the public interest, designated by Class Representative and approved by the Court.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent

provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19. A separate order shall be entered regarding Class Counsel's application for attorneys' fees and reimbursement of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

21. The Clerk of Court is directed to place this matter among the ended causes.

DATED: _September 6, 2013_  SO ORDERED:

_____
T.S. Ellis, III, U.S.D.J.



_____
T. S. Ellis, III
United States District Judge

10